United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) Criminal Case No. 19-20042-CR-Scola |
| Angel Maria Vente-Orobio, Defendant. | ) ) ) ) |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Angel Maria Vente-Orobio's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 50.) The Government responded opposing the motion. (Resp., ECF No. 52.) After careful consideration of the written submissions, the record, and the legal authorities, the Court **denies** the motion for reduction of sentence. (**Mot., ECF No. 50**.)

1. **Background**

In 2018, the Coast Guard detained Mr. Vente-Orobio and his two co-defendants in a low-profile vessel approximately 240 nautical miles northwest of Manta, Ecuador. (ECF No. 1.) They seized 90 bales of contraband with an estimated weight of 1,800 kilograms. (*Id.*) A grand jury indicted all three Defendants for conspiracy to possess with intent to distribute a controlled substance (count one), possession with intent to distribute cocaine while on board a vessel (count two), conspiracy to operate and embark on a semi-submersible without nationality (count three), operating and embarking on a semi-submersible without nationality (count four). (ECF No. 11.) Mr. Vente-Orobio pleaded guilty, (ECF No. 22) and the Court sentenced him to 188-months imprisonment, followed by five years of supervised release. (ECF No. 46.)

Since Mr. Vente-Orobio was sentenced, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors" ("Amendment 821").

2. **Legal Standard**

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is

a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

Mr. Vente-Orobio seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 188 months in prison and five years of supervised release. He seeks relief under two provisions of Amendment 821: the

adjustment for certain zero-point offenders, *see* U.S.S.G. § 4C1.1, and Part A of Amendment 821 limiting the use of "status points." (ECF No. 50.) *See* U.S.S.G., § 4A1.1(e).

Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See id.*

Mr. Vente-Orobio is not eligible for a sentence reduction pursuant to Amendment 821 because he is not a zero-point offender. (*See* Resp. 1, ECF No. 52.) He received three criminal history points for a similar federal drug conviction in 2002. (*Id.* at 2.)

Mr. Vente-Orobio also seeks relief under Part A of Amendment 821 limiting the use of "status points." (ECF No. 50.) The status points provision previously called for additional criminal history points if the instant offense was committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G., § 4A1.1(e). However, at sentencing the Court did not assess any status points for Mr. Vente-Orobio. (Resp. 4, ECF No. 52.) Accordingly, the status points retroactive amendment would have no bearing on his criminal history category. (*See id.*) Because Mr. Vente-Orobio is not eligible for relief based on the "status points" amendment or the adjustment for certain zero-point offenders, the Court

need not consider the § 3553(a) factors.

### 4. Conclusion

Based on the foregoing, it is hereby **ordered and adjudged** that Mr. Angel Maria Vente-Orobio's motion for reduction of sentence is **denied**. (**Mot., ECF No. 50**.)

**Done and ordered** at Miami, Florida on March 6, 2024.

_____
Robert N. Scola, Jr.
United States District Judge