United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>Angel Maria Vente-Orobio,<br>Defendant. | )<br>)<br>)<br>) Criminal Case No. 19-20042-CR-Scola<br>)<br>)<br>) |

### Order Denying Motion to Compel the U.S. Government to File a Rule 35(b) Motion to Reduce Sentence

This matter is before the Court on the Defendant Angel Maria Vente-Orobio's pro se motion to compel the United States Government to file a Rule 35(b) motion to reduce his sentence based on substantial assistance. (Def.'s Mot., ECF No. 54.) The Government responded opposing the motion. (ECF No. 56.) Vente-Orobio did not file a reply, and the time to do so has passed. After reviewing the motion, the record, and the relevant legal authorities, the Court **denies** Vente-Orobio's motion. (**ECF No. 54**.)

Vente-Orobio pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance. (J. 1, ECF No. 46.) The Court sentenced him to 188 months in prison followed by five years of supervised release. (*Id.* at 2.) Upon his arrest, Vente-Orobio provided information to the Drug Enforcement Agency ("DEA") and met with DEA agents on March 6, 2019, and May 14, 2019. (ECF No. 56 at 2.) The Government states that it never promised to file a substantial assistance motion "merely because the defendant was meeting with the Government and providing some information related to potential targets of investigation." (*Id.*) Further, the Government has indicated there is no record that Vente-Orobio's information was used to prosecute other individuals. (*Id.*)

> Undersigned counsel can agree that the Defendant was providing useful specific information about specific individuals which would be beneficial to ongoing investigations. Unfortunately, none of that information was used by this prosecutor and the assigned DEA agents, to prosecute any other individuals.

(*Id.* at 3.) On May 31, 2024, Vente-Orobio filed the instant pro se motion to compel the Government to file a substantial assistance motion. (ECF No. 54.)

"Upon the [G]overnment's motion made within one year of sentencing, the

court *may* reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1) (emphasis added). The Government has the power, but not a duty, to file a Rule 35(b) motion. *Wade v. United States*, 504 U.S. 181, 185-86 (1992). Refusal "is subject to judicial review *only if* it is based on an unconstitutional motive, such as the defendant's race or religion, or if it is not rationally related to any legitimate government end." *Lanier v. United States*, 769 Fed. App'x. 847, 851 (11th Cir. 2019) (citing *Wade*, 504 U.S. at 185-86). The defendant must first make a "substantial threshold showing" that the Government's refusal was based on an unconstitutional or irrational motive. *United States v. McNeese*, 547 F.3d 1307, 1309 (11th Cir. 2008) (quoting *Wade*, 504 U.S. at 185-68).

Vente-Orobio's motion fails to allege the Government refused to file a substantial assistance motion based on an unconstitutional or irrational motive. (*See* ECF No. 54.) While Vente-Orobio did provide the Government with useful information, the Government states such information did not contribute to the prosecution of other individuals. (ECF No. 56.) The Government has the sole discretion to decide whether to file a substantial assistance so long as the decision is not based on an unconstitutional or irrational motive. *Lanier*, 769 Fed. App'x. at 851. Thus, Vente-Orobio's motion to compel the United States Government to file a Rule 35(b) motion for substantial assistance and request for an evidentiary hearing is **denied**. (**ECF No. 54.**)

**Done and ordered** at Miami, Florida on August 15, 2024.

_____
Robert N. Scola, Jr.
United States District Judge